# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| STAR DESIGN INTERNATIONAL INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> JACOBO, INC., d/b/a POP'S CONVENIENCE ) <br> STORE or POP'S #1, ) <br> ) <br>     Sandro Y. Nijmeh ) <br>     4607 Bond Avenue ) <br>     Alorton, Illinois 62207 ) <br> ) <br> HASUON, INC., d/b/a POP'S #2, ) <br> ) <br>     Mohammad N. Farah ) <br>     1219 Kingshighway ) <br>     East St. Louis, Illinois 62204 ) <br> ) <br> PALI 1948 LLC, d/b/a POP'S #3, ) <br> ) <br>     Sandro Y. Nijmeh ) <br>     1316 Corliss Ct ) <br>     Belleville, Illinois 62221 ) <br> ) <br> BANDUK INC., d/b/a POP'S #4, ) <br> ) <br>     Hussein Nijmeh ) <br>     2727 Geneva Lake Drive ) <br>     Belleville, Illinois 62221 ) <br> ) <br> E & MACKEEN GROCERY, INC., d/b/a ) <br> POP'S #5, ) <br> ) <br>     Hussein Nijmeh ) <br>     2727 Geneva Lake Drive ) <br>     Belleville, Illinois 62221 ) <br> ) <br> SANDRO Y. NIJMEH, ) <br> ) <br>     1316 Corliss Court ) <br>     Belleville, Illinois 62221 ) <br> ) | Case No.: 3:19-cv-518 <br><br> **JURY TRIAL DEMANDED** |

MOHAMMAD N. FARAH,   )
                                                  )
    126 Lauren Circle #3   )
    Belleville, Illinois 62223   )
                                                  )
HUSSEIN J. NIJMEH,   )
                                                  )
    2727 Geneva Lake Drive   )
    Belleville, Illinois 62221   )
                                                  )
          Defendants.   )

## COMPLAINT

For its Complaint against Defendants Jacobo, Inc., d/b/a Pop's Convenience Store or POP'S #1, Hasuon, Inc., d/b/a POP'S #2, Pali 1948 LLC, d/b/a POP'S #3, Banduk Inc., d/b/a POP'S #4, E & Mackeen Grocery, Inc., d/b/a POP'S #5, Sandro Y. Nijmeh, Mohammad N. Farah, and Hussein J. Nijmeh (collectively "Defendants"), Plaintiff Star Design International Inc. ("Plaintiff" or "Star Design") states as follows:

## NATURE OF THE ACTION

1. This is an action for trademark infringement in violation of Section 43(a) of the Federal Trademark Act ("Lanham Act"), 15 U.S. Section 1125(a); unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a); counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. Section 1114; deceptive trade practices in violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/1, *et seq.*; and unfair competition under Illinois state law.

2. This action arises out of Defendants' knowing and willful violation of Star Design's rights in its widely recognized and distinctive "SADA" word and design marks ("SADA marks"). Defendants are unlawfully marketing, advertising, and selling counterfeit goods bearing an imitation of the SADA marks in violation of Star Design's trademark rights. Defendants have used

4235286.2

and continue to use the SADA marks in commerce without authorization to market, advertise, and sell counterfeit goods ("the Infringing Uses").

3. Defendants unlawful use of the SADA marks to sell counterfeit goods is likely to cause—and in fact has already caused—consumers to believe, erroneously, that Defendants' Infringing Uses originate from Plaintiff, that Plaintiff has endorsed Defendants' inferior goods or is affiliated with Defendants' inferior goods, thereby jeopardizing the goodwill and tarnishing the reputation of Star Design and the goodwill associated with the SADA marks.

4. Defendants' unlawful acts have damaged Star Design's ability to identify and distinguish the authentic goods provided under the SADA marks and have diluted the distinctiveness of the SADA marks. Furthermore, Defendants' use of the SADA marks has tarnished the goodwill and reputation of Star Design by causing consumer confusion by using SADA marks on inferior goods.

5. Upon information and belief, Defendants have profited from their unauthorized commercial use of the SADA marks and the Infringing Uses in Illinois to their benefit and to the detriment of Star Design and of consumers in violation of the laws set forth above.

## THE PARTIES

6. Star Design is a corporation organized and existing under the laws of the State of Louisiana with a principal place of business located at 272 Plauche Street, New Orleans, Louisiana 70123. Star Design is in the business of manufacturing, distributing, and selling goods to wholesalers and retailers across the country, including within this district. Since at least as early as 2005, Star Design has manufactured, distributed, and sold goods under its SADA marks and has continuously used the SADA marks in connection with the manufacturing, distribution, and sale of its goods.

7. Upon information and belief, Defendant Jacobo, Inc., d/b/a POP's Convenient Store or POP'S #1 ("Defendant POP'S #1), is an Illinois corporation with a principal place of business located at 4607 Bond Avenue, Alorton, Illinois 62207. Defendant POP's #1 has regularly and systematically engaged in business in this district by offering for sale groceries, clothing, liquor, beer and electronics at POP'S #1, a commercial retail and liquor store located at 4607 Bond Avenue, Alorton, Illinois 62207. Defendant POP'S #1 has purchased, used, and sold counterfeit goods bearing imitations of the SADA marks in violation of Star Design's exclusive trademark rights in the SADA marks in this district.

8. Upon information and belief, Defendant Hasuon, Inc., d/b/a POP'S #2 ("Defendant POP'S #2), is an Illinois corporation with a principal place of business located at 1219 Kingshighway, East St. Louis, Illinois 62204. Defendant POP's #2 has regularly and systematically engaged in business in this district by offering for sale groceries, clothing, liquor, beer and electronics at POP'S #2, a commercial retail and liquor store located at 1219 Kingshighway, East St. Louis, Illinois 62204. Defendant POP'S #2 has purchased, used, and sold counterfeit goods bearing imitations of the SADA marks in violation of Star Design's exclusive trademark rights in the SADA marks in this district.

9. Upon information and belief, Defendant PALI 1948 LLC, d/b/a POP'S #3 ("Defendant POP'S #3), is a limited liability company organized on or around September 17, 2012, and existing under the laws of the State of Illinois. Defendant POP'S #3 has regularly and systematically engaged in business in this district by offering for sale groceries, clothing, liquor, beer and electronics at POP'S #3, a commercial retail and liquor store located at 8308 State Street, East St. Louis, Illinois 62203. Defendant POP'S #3 has purchased, used, and sold counterfeit goods bearing imitations of SADA's marks in violation of Star Design's exclusive trademark rights in the SADA marks in this district.

10. Upon information and belief, Defendant Banduk Inc., d/b/a POP'S #4 ("Defendant POP'S #4), is an Illinois corporation with a principal place of business located at 1032 Bond Avenue, East St. Louis, Illinois 62201. Defendant POP'S #4 has regularly and systematically engaged in business in this district by offering for sale groceries, clothing, liquor, beer and electronics at POP'S #4, a commercial retail and liquor store located at 1032 Bond Avenue, East St. Louis, Illinois 62201. Defendant POP'S #4 has purchased, used, and sold counterfeit goods bearing imitations of SADA's marks in violation of Star Design's exclusive trademark rights in the SADA marks in this district.

11. Upon information and belief, Defendant E & Mackeen Grocery, Inc., d/b/a POP'S #5 ("Defendant POP'S No. 5") is an Illinois corporation with a principal place of business located at 2439 Bond Avenue, East St. Louis, Illinois 62207. Defendant POP'S #5 has regularly and systematically engaged in business in this district by offering for sale groceries, clothing, liquor, beer and electronics at POP'S #5, a commercial retail and liquor store located at 2439 Bond Avenue, East St. Louis, Illinois 62207. Defendant POP'S #5 has purchased, used, and sold counterfeit goods bearing imitations of SADA's marks in violation of Star Design's exclusive trademark rights in the SADA marks in this district.

12. Upon information and belief, Defendant Sandro Y. Nijmeh ("Defendant Sandro Nijmeh") is an Illinois resident residing at 1316 Corliss Court, Belleville, Illinois 62221. Defendant Sandro Nijmeh has at all relevant times owned, operated and/or controlled Defendant POP'S #1 and Defendant POP'S #3. Defendant Sandro Nijmeh has at all relevant times directed and controlled the offering for sale and selling of counterfeit goods bearing imitations of the SADA marks by Defendant POP'S #1 and Defendant POP'S #3 in violation of Star Design's exclusive trademark rights.

13. Upon information and belief, Defendant Mohammad N. Farah ("Defendant Farah") is an Illinois resident residing at 126 Lauren Circle #3, Belleville, Illinois 62223. Defendant Farah has at all relevant times owned, operated and/or controlled Defendant POP's #2. Defendant Farah has at all relevant times directed and controlled the offering for sale and selling of counterfeit goods bearing imitations of the SADA marks by Defendant POP'S #2 in violation of Star Design's exclusive trademark rights.

14. Upon information and belief, Hussein J. Nijmeh "(Defendant Hussein Nijmeh") is an Illinois resident residing at 2727 Geneva Lake Drive, Belleville, Illinois 62221. Defendant Hussein Nijmeh has at all relevant times owned, operated and/or controlled Defendant POP'S #4 and Defendant POP'S #5. Defendant Hussein Nijmeh has at all relevant times directed and controlled the offering for sale and selling of counterfeit goods bearing imitations of the SADA marks by Defendant POP's #4 and Defendant POP'S #5 in violation of Star Design's exclusive trademark rights.

**JURISDICTION AND VENUE**

15. This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§ 1338(a) and 1338(b), and 1367(a). Also, there is diversity jurisdiction pursuant to 28 U.S.C. § 1332, as the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs. Furthermore, this Court has supplemental jurisdiction over Star Design's state law claims pursuant to 28 U.S.C. § 1367(a), as they arise from the same operative facts or are otherwise so related to its Lanham Act claims that they form part of the same case or controversy under Article III of the United States Constitution.

16. This Court has personal jurisdiction over Defendants because Defendants' conduct giving rise to Star Design's claims occurred in the State of Illinois as Defendants have marketed, advertised, and sold counterfeit goods bearing imitations of the SADA marks in Illinois.

17. Venue is proper in this district pursuant to 28 U.S.C. § 1391(c)(2) because Defendants reside in this district. Additionally, a substantial part of the events giving rise to Star Design's claims occurred in this district, as Defendants have marketed, advertised, and sold counterfeit goods bearing imitations of the SADA marks in this district.

**FACTS ENTITLING PLAINTIFFS TO RELIEF**

A. **Star Design's Widespread and Substantial Use of the SADA Marks.**

18. Since at least April 2005, Star Design has continuously used the SADA marks in connection with the manufacturing, distribution, and sale of goods bearing the SADA marks.

19. On December 11, 2007, the United States Patent and Trademark Office registered the word mark SADA in connection with clothing, namely, pants, shorts, shirts, t-shirts, sweatshirts, socks, hats, footwear, headwear and tank tops. Star Design is the rightful owner of this registration, U.S. Reg. No. 5,690,669. (*See* Ex. 1.)

20. On September 29, 2009, the United States Patent and Trademark Office registered the design mark SADA in connection with clothing, namely, pants, shorts, shirts, t-shirts, sweatshirts, socks, hats, footwear, headwear and tank tops. Star Design is the rightful owner if this registration, U.S. Reg. No. 3,688,552, depicted below. (*See* Ex. 2.)



21. Star Design's goods bear the SADA marks as well as the Registered Identification Number issued by the Federal Trade Commission to businesses that manufacture, distribute, or sell products covered by the Textile, Wool, and Fur Acts. Star Design was issued Registered

Identification Number 114295.  Star Design is the rightful owner of this Registered Identification Number.  (*See* Ex. 3.)

22. Star Design has continuously used the SADA marks without interruption since at least April 2005 to sell goods throughout the United States, including within this district.  To its knowledge, Star Design's use of the SADA marks has been exclusive and no other entity has the right to use an identical or similar mark to the SADA marks in connection with the manufacturing, distribution, and sale of goods.

23. Star Design has invested substantial time, effort, and resources to develop and foster the reputation, recognition and goodwill associated with its goods and the SADA marks. Star Design has promoted, marketed and advertised their goods bearing the SADA marks throughout the United States, including, without limitation, through in-person sales, telephone and the Internet. Star Design's goods are sold in highly visited retail stores all over the country, including at numerous stores in the State of Illinois. Star Design's goods have enjoyed substantial commercial success and widespread consumer recognition.

24. Through the continuous and exclusive use of the SADA marks in connection with the manufacturing, distribution, and sale of goods, and the related promotion, marketing, and advertising of the goods, the SADA marks have become, through public acceptance and recognition, distinctive and an asset of substantial value symbolizing Star Design, its quality goods, and its goodwill.

**B.    Defendants' Unauthorized Use of Star Design's SADA Marks and Defendants' Failure to Comply with Star Design's Notice.**

25. Star Design has never authorized, licensed or otherwise permitted Defendants to use the SADA marks, or any confusingly similar variation.

26. Without any authorization, license, or authority from Star Design, Defendants have used the SADA marks to market, advertise, and sell goods bearing an imitation of the SADA marks. The goods sold by Defendants bearing the SADA marks are counterfeit goods.

27. Without authorization, license or authority from Star Design, Defendants have falsely applied Star Design's Registered Identification Number 114295 to the counterfeit goods to avoid seizure at customs.

28. Upon information and belief, Defendants knew or should have known that the goods bearing the SADA marks were counterfeit goods, not authorized or sold by Star Design.

29. Upon information and belief, at the time of the acts described herein, Defendants knew or should have known of the SADA marks and the valuable reputation and goodwill symbolized by the SADA marks and their association with Star Design.

30. Despite Star Design's exclusive rights, Defendants have marketed, advertised, offered for sale, and sold counterfeit goods bearing an imitation of the SADA marks for the purpose of and with the intention of trading off of Star Design's good will and reputation.

31. On February 1, 2019, Star Design, through counsel, sent cease and desist letters to certain Defendants notifying Defendants that the goods bearing the SADA marks were counterfeit goods, and demanded that Defendants stop selling the counterfeit goods in violation of Star Design's trademark rights.

32. None of the Defendants responded to the cease and desist letters, but shortly thereafter, the counterfeit goods had been removed from store shelves.

33. Approximately two months later, upon visiting Defendants' stores, Star Design discovered that Defendants had resumed advertising, offering for sale, and selling the counterfeit goods bearing an imitation of the SADA marks.

34. Despite Defendants' knowledge that the goods bearing the SADA marks are counterfeit goods, Defendants continue to advertise, offer for sale, and to sell counterfeit goods bearing an imitation of the SADA marks in violation of Star Design's trademark rights.

### C. Defendants' Unauthorized Use of the Star Design's SADA Marks Constitutes a Likelihood of Confusion.

35. Defendants' unauthorized use of the SADA marks in connection with the marketing, advertising, and sale of counterfeit goods has and is likely to continue to mislead, deceive, and confuse the purchasing public and the trade. Consumers have and will continue to conclude that Defendants, through their use of the SADA marks, are connected, associated, or affiliated with Star Design.

36. Defendants' activities described herein have and are likely to continue to cause confusion or mistake, or to deceive the consuming public and the trade as to the source or origin of the goods marketed, advertised, and sold by Defendants and the sponsorship or endorsement of those goods by Star Design.

37. Defendants' activities described herein have and are likely to continue to dilute the value of the SADA marks by diminishing the public association of the marks with Star Design and the distinctiveness of the marks, and associating the SADA marks with inferior goods, thereby injuring Star Design's reputation and goodwill.

38. As a result of the above described acts by Defendants, Star Design has suffered and continues to suffer substantial damages and irreparable injury. Star Design has no adequate remedy at law and will continue to suffer irreparable injury unless Defendants are restrained and enjoined by the Court. Because of the threatened continued loss of sales, and due to Defendants' sale of an inferior product under the SADA marks, Star Design cannot ascertain the precise amount of damages at this time.

## COUNT I
## TRADEMARK INFRINGEMENT
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

39. As its first ground for relief, Star Design claims violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a), for trademark infringement. Star Design repeats and realleges each and every paragraph above as if set forth fully herein.

40. Defendants' unauthorized use of the SADA marks in interstate commerce has caused and is likely to cause confusion, mistake or deception as to the source, association, or sponsorship of the goods. The relevant public has believed and is likely to believe that Defendants' counterfeit goods are licensed by, sponsored by, or associated with Star Design. These acts place Star Design's reputation beyond its control.

41. As a direct and proximate result, Star Design has been and continues to be damaged by Defendants' trademark infringement and has no adequate remedy at law. Defendants' unlawful conduct will continue to damage Star Design unless enjoined by this Court.

42. Defendants' infringement is willful, deliberate, intentional, and in bad faith because Defendants knew or should have known of Star Design's exclusive right to use the SADA marks.

## COUNT II
## UNFAIR COMPETITION
## VIOLATION OF SECTION 43(a) OF THE LANHAM ACT

43. As its second ground for relief, Star Design claims unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. Section 1125(a). Star Design repeats and realleges each and every paragraph above as if set forth fully herein.

44. Defendants' unauthorized adoption and commercial use of the SADA marks in interstate commerce constitutes use of a false designation of origin or a false representation, which wrongfully and falsely designates, describes, or represents the origins of Defendants' goods as

originating from or being connected with Star Design, thereby constituting a false description or representation used in interstate commerce.

45. As a direct and proximate result, Star Design has been and continues to be damaged by Defendants' unfair competition and has no adequate remedy at law. Defendants' unlawful conduct will continue to damage Star Design unless enjoined by this Court.

46. Defendants' unfair competition is willful, deliberate, intentional, and in bad faith because Defendants knew or should have known of Star Design's exclusive right to use the SADA marks.

**COUNT III**
**COUNTERFEITING**
**VIOLATION OF SECTION 32 OF THE LANHAM ACT**

47. As its third ground for relief, Star Design claims counterfeiting in violation of Section 32 of the Lanham Act, 15 U.S.C. Section 1114. Star Design repeats and realleges each and every paragraph above as if set forth fully herein.

48. Defendants' actions constitute a use in commerce of spurious designations that are identical with or substantially indistinguishable from Star Design's SADA marks. Defendants rely on these spurious designations in commerce in connection with the marketing, advertising, and sale of counterfeit goods for its own financial gain.

49. As a direct and proximate result, Star Design has been and continues to be damaged by Defendants' counterfeiting and has no adequate remedy at law. Defendants' unlawful conduct will continue to damage Star Design unless enjoined by this Court.

50. Defendants' counterfeiting is willful, deliberate, intentional, and in bad faith because Defendants knew or should have known of Star Design's exclusive right to use the SADA marks.

## COUNT IV
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICE ACT

51. As its fourth ground for relief, Star Design claims deceptive trade practices in violation of the Illinois Deceptive Trade Practices Act, 815 Ill. Comp. Stat. Section 510/1, *et seq*. Star Design repeats and realleges each and every paragraph above as if set forth fully herein.

52. The Illinois Uniform Deceptive Trade Practices Act, 815 Ill. Comp. Stat. Section 510/1, *et seq.*, provides that a person engages in deceptive trade practices when he "(1) passes off goods or services as those of another; . . . (3) causes likelihood of confusion or of misunderstanding as to the affiliation, connection or association with or certification by another; . . . [or] (5) represents that goods or services have sponsorship, approval, characteristics, . . . that they do not have . . ." regardless of whether or not there is "competition between the parties or actual confusing or misunderstanding."  815 Ill. Comp. Stat. § 510/2.

53. Defendants' unauthorized adoption and commercial use of the SADA marks in interstate commerce trades on the business reputation and goodwill of Star Design with the intention of deceiving the public into believing that Defendants are affiliated, connected or associated with Star Design.

54. As a direct and proximate result, Star Design has been and continues to be damaged by Defendants' deceptive trade practices and has no adequate remedy at law.  Defendants' deceptive trade practices will continue to damage Star Design unless enjoined by this Court.

55. Defendants' deceptive trade practices are willful, deliberate, intentional, and in bad faith because Defendants knew or should have known of Star Design's exclusive right to use the SADA marks.

## COUNT V
## VIOLATION OF COMMON LAW UNFAIR COMPETITION

56. As its fifth ground for relief, Star Design claims common law unfair competition. Star Design repeats and realleges each and every paragraph above as if set forth fully herein.

57. As a result of the actions described herein, Defendants have misappropriated valuable property rights of Star Design, are trading on the goodwill of Star Design as symbolized by Star Design's distinctive SADA marks, and have and are likely to further confuse and deceive members of the purchasing public in violation of the common law of unfair competition of the State of Illinois.

58. As a direct and proximate result, Star Design has been and continues to be damaged by Defendants' unfair competition and has no adequate remedy at law. Defendants' unlawful conduct will continue to damage Star Design unless enjoined by this Court.

59. Defendants' common law unfair competition is willful, deliberate, intentional, and in bad faith because Defendants knew or should have known of Star Design's exclusive right to use the SADA marks.

## PRAYER FOR RELIEF

WHEREFORE, Star Design International Inc. respectfully requests that this Court enter judgment in its favor on each and every count set forth above and award relief including, but not limited to, the following:

1. An Order holding that Defendants' actions described above infringe Star Design's SADA marks and that Defendants' action constitute trademark infringement, unfair competition, counterfeiting, and deceptive trade practices under common law.

2. An Order directing that defendants, their officers, agents, servants, employees, licensees, attorneys, successors, related companies, parent companies and assigns, and all those in

active concert or participation with them, be forthwith preliminary and thereafter permanently enjoined and restrained from:

    a. Using the SADA marks or other similar mark, name, logo or other names or identifiers that are the same or confusingly similar to said marks or that tend to continue any link in consumers' minds between Star Design and Defendants or the SADA marks, in any manner or form, in connection with any goods or services;

    b. Representing or suggesting, by any means whatsoever, directly or indirectly, that Defendants, any goods or services offered by Defendants, or any activities undertaken by Defendants, are sponsored or approved by, or are or have at any time been associated, affiliated or connected with Star Design in any way; and

    c. Unfairly competing with Star Design in any manner whatsoever or causing injury to the business reputation of Star Design.

3. An Order requiring Defendants to deliver up for destruction all marketing, advertising, current inventory, and related material containing the SADA marks or imitation thereof in their possession, custody, or control, or in the possession, custody, or control of any of their agents or representatives.

4. An Order directing Defendants to file with this Court and serve on Star Design's attorneys, thirty (30) days after the date of entry of an injunction, a report in writing and under oath setting forth in detail the manner and form in which it has complied with the Court's injunction;

5. An Order requiring Defendants to account for and pay to Star Design any and all profits arising from or related to Defendants' unlawful acts and that such profits be increased in accordance with 15 U.S.C. Section 1117 and other applicable laws.

      6.      An Order requiring Defendants to pay Star Design's attorney fees and costs in this action pursuant to 15 U.S.C. Section 1117 and other applicable laws; and

      7.      Any other relief as the Court may deem appropriate.

DATED:  May 16, 2019.

Respectfully submitted,

**TUCKER ELLIS LLP**

By: */s/Sandra J. Wunderlich*
     SANDRA J. WUNDERLICH, #6227257
     SCOTT R. HUNSAKER, #6309287
     100 South 4th Street, Suite 600
     St. Louis, Missouri 63102
     Phone:  (314) 256-2550
     Fax:     (314) 256-2549
     Email:  sandra.wunderlich@tuckerellis.com
     Email:  scott.hunsaker@tuckerellis.com

**ATTORNEYS FOR PLAINTIFF**
**STAR DESIGN INTERNATIONAL INC.**